| | |
|---|---|
| BRAD HABERLAND, derivatively on behalf of Dex One Corporation, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JONATHAN B. BULKELEY, et al., )<br>)<br>Defendants. ) | **ORDER** |

On September 1, 2011, Brad Haberland ("Haberland" or "plaintiff") filed this action derivatively on behalf of Dex One Corporation ("Dex One"). Compl. [D.E. 1]. Haberland's complaint alleges breaches of fiduciary duties and unjust enrichment allegedly committed by Jonathan B. Bulkeley ("Bulkeley"), Eugene I. Davis ("Davis"), Richard L. Kuersteiner ("Kuersteiner"), W. Kirk Liddell ("Liddell"), Mark A. McEachen ("McEachen"), Alfred T. Mockett ("Mockett"), Alan F. Schultz ("Schultz"), Steven M. Blondy, George F. Bednarz, Mark W. Hianik, Sean W. Greene, and David C. Swanson (collectively, "defendants"). See id. ¶¶ 21–32, 82–109. Bulkeley, Davis, Kuersteiner, Liddell, McEachen, Mockett, and Schultz comprise Dex One's board of directors. See id. ¶¶ 21–32; [D.E. 25-5] 18–20. Each member of Dex One's board of directors serves a one-year term. [D.E. 25-5] 10. At Dex One's annual shareholder meeting on May 8, 2012, Dex One's shareholders are scheduled to vote on the company's 2011 executive compensation plan and to elect Dex One's board of directors for the 2012–2013 term.

On March 28, 2012, Haberland moved for a preliminary injunction [D.E. 36], filed a memorandum supporting his motion for a preliminary injunction, Mem. Supp. Mot. Prelim. Inj. [D.E. 36-1], moved to expedite discovery in connection with his motion for a preliminary injunction

[D.E. 37], and moved for a hearing on his motion for a preliminary injunction [D.E. 38]. Essentially, Haberland seeks to enjoin the May 8, 2012 shareholder vote until Dex One's board of directors amends its March 22, 2012 proxy statement ("2012 Proxy Statement"). See Mem. Supp. Mot. Prelim. Inj. 5–7. On April 5, 2012, Haberland moved to expedite determination of his motion for a preliminary injunction, his motion to expedite discovery, and his motion for a hearing [D.E. 48].[1] On April 9, 2012, defendants filed a memorandum opposing Haberland's motion to expedite determination of his motion for a preliminary injunction, his motion to expedite discovery, and his motion for a hearing [D.E. 49]. On April 23, 2012, defendants filed a memorandum opposing Haberland's motion for a preliminary injunction [D.E. 51], and a memorandum opposing Haberland's motion for a hearing [D.E. 52]. As explained below, the court denies Haberland's motion for a preliminary injunction, Haberland's motion to expedite discovery in connection with the motion for a preliminary injunction, Haberland's motion for a hearing on the motion for a preliminary injunction, and Haberland's motion to expedite determination of his motion for a preliminary injunction, his motion to expedite discovery, and his motion for a hearing.

I.

In February 2010, Dex One's board of directors approved the company's 2010 executive compensation plan. See [D.E. 25-5] 24–27. In March 2011, Dex One's board of directors approved the company's 2011 executive compensation plan. See id. 22; [D.E. 25-6] 14. On March 17, 2011, Dex One filed a proxy statement with the Securities and Exchange Commission ("SEC") and scheduled a shareholder meeting for May 3, 2011. See [D.E. 25-5, 25-6]. The purpose of the shareholder meeting was, in relevant part, to cast a non-binding vote on Dex One's 2010 and 2011 executive compensation plans and a binding vote to re-elect Dex One's board of directors for the

---

[1] In this same motion, Haberland also moved to expedite determination of his motion for leave to file an amended complaint [D.E. 48]. That motion to expedite is not addressed in this order and remains pending.

2011–2012 term. See [D.E. 25-5] 18–30; [D.E. 25-6] 2–15. On May 3, 2011, Dex One's shareholders voted against Dex One's 2010 and 2011 executive compensation plans, but voted to re-elect all members of the board of directors for the 2011–2012 term. See Compl. ¶¶ 11, 21–27, 63–64. Thereafter, on September 1, 2011, Haberland sued defendants, alleging breaches of fiduciary duties and unjust enrichment stemming from Dex One's 2010 executive compensation plan. See id. ¶¶ 82–109.

In late 2011 and early 2012, after the May 3, 2011 negative shareholder vote on executive compensation, Dex One's board of directors approved several changes to the 2011 executive compensation plan. See Dex One, Definitive Proxy Statement, at 13 (Mar. 22, 2012), available at http://ir.dexone.com/secfiling.cfm?filingID=1193125-12-127508&CIK=30419 (last visited May 2, 2012). On March 22, 2012, Dex One filed the 2012 Proxy Statement with the SEC and scheduled a shareholder meeting for May 8, 2012. See id. The purpose of the shareholder meeting is, in relevant part, to cast a non-binding vote on Dex One's amended 2011 executive compensation plan and to cast a binding vote to re-elect Dex One's board of directors for the 2012–2013 term. See id. at 9–40. The 2012 Proxy Statement did not disclose Haberland's September 1, 2011 suit. On March 27, 2012, Haberland filed an amended complaint [D.E. 35]. Haberland's amended complaint reiterates the allegations in Haberland's initial complaint, and alleges that the 2012 Proxy Statement's failure to disclose Haberland's pending litigation constitutes another breach of fiduciary duty. See id. ¶¶ 88–124. On March 28, 2012, Haberland moved for a preliminary injunction enjoining the May 8, 2012 shareholder vote until Dex One's board of directors files an amended proxy statement disclosing Haberland's pending lawsuit. See Mem. Supp. Mot. Prelim. Inj. 1–3. Haberland also moved for a hearing on his motion for a preliminary injunction [D.E. 38].

As for Haberland's motion for a preliminary injunction, the purpose of a preliminary injunction is to preserve the status quo, thereby protecting a court's ability to render a meaningful judgment on the merits. See, e.g., Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp.

3

Antitrust Litig.), 333 F.3d 517, 525 (4th Cir. 2003), abrogated on other grounds by eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006); Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997). Because a preliminary injunction grants relief before trial, it is "an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). A preliminary injunction may be awarded only on a "clear showing" that a plaintiff is entitled to such relief. Id. at 22; see also Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam); Real Truth About Obama, Inc., v. FEC, 575 F.3d 342, 345–46 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). To receive a preliminary injunction, a plaintiff must clearly show four things: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." Winter, 555 U.S. at 20; see also Real Truth, 575 F.3d at 346. A plaintiff must satisfy all four of these requirements. Real Truth, 575 F.3d at 346. Based on the court's review to date, Haberland is not likely to succeed on the merits of either his complaint or his amended complaint. Moreover, Haberland's proposed injunction is not in the public interest. Accordingly, the court denies Haberland's request for preliminary injunctive relief.

As for Haberland's motion for a hearing on his preliminary injunction, a hearing is not necessary in this case. The adverse parties had sufficient notice of the motion, see Fed. R. Civ. P. 65(a), and all parties have had the opportunity to brief the relevant legal issues and submit pertinent evidence. Furthermore, a plaintiff's failure to allege facts supporting his claim for relief under the governing law obviates any need for a hearing. Boyd v. Beck, 404 F. Supp. 2d 879, 886 n.3 (E.D.N.C. 2005) (citing Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1176 (3d Cir. 1990) ("[A] district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm."); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2949, at 226 (2d

ed. 1995) (explaining that preliminary injunctions can be denied without a hearing, even after the movant requests one, "when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless")). Accordingly, the court denies Haberland's motion for a hearing on his preliminary injunction.

II.

In sum, Haberland has failed to meet the heavy burden necessary to obtain a preliminary injunction. The court DENIES Haberland's motion for a preliminary injunction [D.E. 36], DENIES Haberland's motion for a hearing on his preliminary injunction [D.E. 38], DENIES AS MOOT Haberland's motion to expedite discovery in connection with his motion for a preliminary injunction [D.E. 37], and DENIES AS MOOT Haberland's motion to expedite determination of his motion for a preliminary injunction, motion to expedite discovery in connection with his motion for a preliminary injunction, and motion for a hearing on his motion for a preliminary injunction [D.E. 48].

SO ORDERED. This _2_ day of May 2012.

JAMES C. DEVER III
Chief United States District Judge